**This order is SIGNED.**

**Dated: February 13, 2023**

*/s/ JT Marker*

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



*msc*

Brian M. Rothschild, USB #15316
Darren Neilson, USB #15005
Simeon Brown, USB #17951
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
DNeilson@parsonsbehle.com
SBrown@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Peak Theory, Inc.*

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, GASDF DIVISION

| In re:<br><br>Peak Theory, Inc.<br><br>Debtor. | **CHAPTER 11**<br><br>Case No. 22-bk-23480-JTM<br><br>Chapter 11<br><br>Chief Judge Joel T. Marker |
|---|---|

4893-5711-4960

# ORDER

### (A) SCHEDULING AN AUCTION AND SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS;

### (B) PRESCRIBING BID PROCEDURES AND CALENDAR FOR SALE AND AUCTION PROCESS; AND

### (C) APPROVING FORM AND SCOPE OF NOTICE OF BID PROCEDURES, AUCTION, AND SALE HEARING; AND

Upon the motion (the "**Sale Motion**")[1] filed by Peak Theory, Inc., d/b/a Cubcoats, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), under sections 105, 361, 362, 363, 364, 1107, and 1108 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of orders (a) scheduling an auction and sale hearing in connection with the sale of substantially all Debtor's assets (the "**Sale**"), (b) prescribing bid procedures for the sale attached as <u>Exhibit 1</u> hereto (the "**Bid Procedures**"), (c) approving the form and scope of notice of the Bid Procedures, auction, and sale hearing, and (d) approval, at subsequent hearing, of the Sale of Debtor's assets to purchaser free and clear of all liens, claims, encumbrances, and other interests; and the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Sale Motion at the hearing before the Court (the "**Bid Procedures Hearing**"), and finding that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4893-5711-4960

Hearing were sufficient under the circumstances and that no further notice need be given; and that no objections were filed to the Sale Motion; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Sale Motion is GRANTED as provided herein.

    a. The Bid Procedures, attached as <u>Exhibit 1</u> hereto, are approved in their entirety. The Debtor is authorized to solicit qualified bids and conduct an auction in accordance with the Bid Procedures.

    b. The form of Notice of the Sale and the Bid Procedures, attached as <u>Exhibit 2</u> hereto, is approved in its entirety.

2. Following the Auction, the Court will hold a final hearing on whether to approve the proposed Sale Motion to be set by the Court after the Auction and after the Debtor has filed its motion seeking approval of the Sale (the "**Sale Motion Hearing**"). The Debtor will prepare and serve on the Debtor's creditors notice of the Sale Motion Hearing setting forth the date, time, location and objection deadline to the Sale Motion (the "**Objection Deadline**"). As will be set forth in the notice, if no objections are filed to the Sale Motion prior to the Objection Deadline, this Court may enter an order approving the sale without holding the Final Hearing. Rule 6003 of the Bankruptcy Rules has been satisfied to the extent applicable.

3. Notwithstanding Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective upon its entry.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

**[END OF DOCUMENT]**

4893-5711-4960

# EXHIBIT 1

## Bid Procedures

## BID PROCEDURES

Peak Theory, Inc., d/b/a Cubcoats, debtor and debtor-in-possession (the "**Debtor**") has filed a Chapter 11 case pending in the United States Bankruptcy Court for the District of Utah (the "**Bankruptcy Court**"), Case No. 22-bk-23480-JTM. By motion dated January 12, 2023 (the "**Motion**"), the Debtor sought, among other things, approval of the process and procedures set forth below (the "**Bid Procedures**") to effectuate the sale of the Purchased Assets (the "**Transaction**"). The Bid Procedures are designed to facilitate a full, open, and fair bidding process to maximize the value of the Purchased Assets for the benefit of the Debtor's creditors and its bankruptcy estate.

On February 27, 2023, at 2:00 p.m. (Prevailing Utah Time), as further described below, the Bankruptcy Court will conduct a hearing (the "**Sale Hearing**") at which time the Debtor shall seek entry of an order (the "**Sale Order**") authorizing and approving the sale of the Purchased Assets (the "**Proposed Sale**") to the Successful Bidder (defined below).

**Asset Purchase Agreement**

The Debtor has prepared a form of an asset purchase agreement (the "**APA**" or "**Agreement**"), which contemplates a set of related transactions for the sale of the Purchased Assets to the Successful Bidder in consideration for the Purchase Price, all subject to the terms and conditions set forth in the APA. The assets to be purchased as part of the Transaction do not include the Unacquired Assets. The Transaction contemplated by the APA is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court pursuant to Sections 363 and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**").

**Participation Requirements**

In order to participate in the bidding process, each person (a "**Potential Bidder**") must first deliver (unless previously delivered) to Debtor's broker, no later than February 13, 2023, at 11:59 p.m. (Prevailing Utah Time), the following items (collectively, the "**Participation Requirements**"):

(a) <u>Confidentiality Agreement</u>. An executed confidentiality agreement in form and substance reasonably acceptable to the Debtor (each, a "**Confidentiality Agreement**");[2]

(b) <u>Identification of Potential Bidder</u>. Identification of the Potential Bidder and any principals and representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated Transaction; and

---

[2] A form of Confidentiality Agreement can be obtained by contacting Debtor's counsel or Quiet Light Brokers, Debtor's Business Broker.

4893-5711-4960

  (c) <u>Proof of Financial Ability to Perform</u>. Written evidence that enables the Debtor to reasonably conclude that the Potential Bidder has the financial ability to close the contemplated Transaction and provide adequate assurance of future performance under all contracts to be assumed in such contemplated Transaction. Such information should include, *inter alia*, the following:

    (i) the Potential Bidder's current financial statements (audited if they exist); and

    (ii) any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor, demonstrating that such Potential Bidder has the ability to close the contemplated Transaction; <u>provided</u>, <u>however</u>, that the Debtor shall determine, in its reasonable discretion, whether the written evidence of such financial wherewithal is reasonably acceptable, and shall not unreasonably withhold acceptance of the Potential Bidder's financial qualifications; <u>provided</u> <u>further</u>, <u>however</u>, that in lieu of a Potential Bidder's financial statements, the Debtor may accept other information that reasonably demonstrates the Potential Bidder's financial condition.

**Designation as Qualified Bidder**

  A "**Qualified Bidder**" is a Potential Bidder that delivers the documents satisfying the Participation Requirements described in subparagraphs (a) - (c) above no later than February 13, 2023, 11:59 p.m. (Prevailing Utah Time), and that the Debtor determines is reasonably likely to submit a *bona fide* offer and to be able to consummate the Transaction if selected as a Successful Bidder (defined below). As soon as is practicable, upon receipt of such documents, the Debtor shall notify the Potential Bidder that such Potential Bidder is a Qualified Bidder.

**Bid Deadline**

  The deadline for submitting bids by a Qualified Bidder shall be no later than February 13, 2023, 11:59 p.m (Prevailing Utah Time) (the "**Bid Deadline**"). A Bid (as defined below) received after the Bid Deadline shall not constitute a Qualified Bid (as defined below), unless an exception is made by the Debtor in its sole and absolute discretion.

  Prior to the Bid Deadline, a Qualified Bidder that desires to make an offer, solicitation, or proposal (a "**Bid**") shall deliver written copies of its Bid through email to Debtors Business Broker, Ryan Condie at <u>ryan@quietlight.com</u> (the "**Notice Party**") by the Bid Deadline.

**Determination of Qualified Bid Status**

  To be eligible to participate in the bidding process, each Qualified Bidder must deliver to the Debtor a written offer to be received by the Bid Deadline and compliant with each of the following conditions:

4893-5711-4960

(1) Modified Agreement. A Bid must include fully executed transaction documents, pursuant to which the Qualified Bidder proposes to effectuate the contemplated Transaction. A Bid shall include a blacklined copy of the Agreement (the "**Modified Agreement**") against the form of APA attached as Exhibit A to the Sale Motion,[3] to show all changes requested by the Bidder, including those related to the Purchase Price.

(2) Purchased Assets. Each Bid must be for all of the Acquired Assets or such portion of the Acquired Assets or any other assets of the Debtor as the Qualified Bidder wishes to purchase; provided, however, that the aggregate purchase price in any Bid(s) for less than all of the Acquired Assets must equal or exceed the Minimum Initial Bid (defined below).

(3) Contingencies. A Bid may not be conditioned on obtaining internal approval, obtaining financing, or on the outcome or review of subsequent due diligence, but may be subject to the accuracy in all material respects at the Closing of specified representation and warranties or the satisfaction in all material respects at the Closing of specified conditions.

(4) No Fees payable to Qualified Bidder. A Bid shall not request or entitle the Qualified Bidder to any termination fee, expense reimbursement, or similar type of payment.

(5) Financing Sources. A Bid must contain evidence of the ability to consummate the Transaction satisfactory to the Debtor, with appropriate contact information for all such financing sources and may not contain any financing contingency.

(6) Minimum Initial Bid Requirement. Each Qualified Bidder's Bid shall have an initial minimum bid of $400,000 (the "**Minimum Initial Bid**").

(9) Back-Up Bid Commitment. Each Qualified Bidder's Bid shall include a binding commitment that the Bid will serve as a Back-Up Bid (defined below) in the event that the initially selected Successful Bidder is unable or unwilling to close the Sale.

(10) No Collusion. Each Qualified Bidder's Bid shall include a representation, made under the penalty of perjury, that it has not engaged in any collusion with respect to the bidding or the Sale.

A Bid received from a Qualified Bidder before the Bid Deadline that meets the above requirements, in the Debtor's reasonable discretion and that satisfies the Bid Deadline requirement above, shall constitute a qualified bid (a "**Qualified Bid**").

---

[3] A Microsoft Word version of the APA can be obtained by contacting Debtor's counsel or Ryan Condie, the Debtor's business broker.

4893-5711-4960

**Auction**

Only in the event that the Debtor receives an additional Qualified Bid by the Bid Deadline, the Debtor shall conduct an auction (the "**Auction**") of the Acquired Assets to determine the highest and otherwise best bid with respect to the Acquired Assets. No later than July 14, 12:00 p.m. (Prevailing Utah Time), the Debtor will notify all Qualified Bidders of (1) the highest Qualified Bid received by the Bid Deadline, which shall serve as the baseline bid at the Auction (the "**Baseline Bid**"). The Auction will commence at 10:00 a.m. (Prevailing Utah Time) on February 21, 2023, at the offices of **PARSONS BEHLE & LATIMER**, 201 S. Main St., Ste 1800, Salt Lake City, Utah and through video conference to be circulated prior to the Auction.

**Participation in the Auction**

Only (1) the Debtor and its counsel and professional advisors, (2) other Qualified Bidders and their counsel and professional advisors, (3) any creditors of the Debtor that has provided written notice to the Debtor's counsel at least five business days in advance of the Auction of his, her, or its intent to attend the Auction and their professional advisors, (4) representatives of the Office of the United States Trustee, and (5) the Subchapter V Trustee, shall be permitted to attend the Auction and only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction. The Debtor and its professional advisors shall direct and preside over the Auction. Bidding at the Auction shall begin with an amount at least equal to the Baseline Bid plus the minimum Overbid. All Bids made thereafter shall be Overbids (as defined below) and shall be made and received on an open basis, and all material terms of each Bid shall be fully disclosed to all other Qualified Bidders. The Debtor shall maintain a transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids, and the Successful Bid (as defined below). Each Qualified Bidder participating in the Auction must confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

**Terms of Overbids**

An "**Overbid**" is any bid made at the Auction subsequent to the Debtor's announcement of the Baseline Bid. All Overbids shall include (and by making an Overbid, such Qualified Bidder is deemed to include) the same representations, commitments, terms and conditions as such Qualified Bidders first Qualified Bid unless expressly stated otherwise in writing to the Debtor and the Debtor's counsel at the auction. Any Qualified Bidder's initial Overbid shall be at least $30,000 in cash or cash equivalents in excess of the Baseline Bid, and each subsequent Overbid must be made in increments of at least $30,000 in cash or cash equivalents, or such other consideration that the Debtor deems equivalent or better than at least $30,000 in cash, over the previous highest or best bid. **The Overbid may also take into account assumption of any liabilities, if any, not just the Cash Purchase Price.**

Any Overbid made by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless the Debtor accepts a higher Qualified Bid as an Overbid. The Debtor shall announce at the Auction the material terms of each Overbid and the basis for calculating the total consideration offered in each such Overbid.

**Closing the Auction**

Upon conclusion of the bidding process, the Auction shall be closed, and the Debtor shall (1) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the Sale process, including those factors affecting the speed and certainty of consummating the Transaction and the amount of the cash (or cash equivalents) consideration, ease of obtaining approval of assumption and assignment, and other relevant factors (2) determine the highest or otherwise best offer for the Purchased Assets (the "**Successful Bid**"), the entity submitting such Successful Bid (the "**Successful Bidder**"), the next highest or otherwise best offer after the Successful Bid (the "**Back-Up Bid**"), and the entity submitting such Back-Up Bid (the "**Back-Up Bidder**"), and (3) advise the Qualified Bidders of such determinations. The Back-Up Bid shall remain open, and the Back-Up Bidder shall be required to fully perform under such Back-Up Bid, until the earlier of consummation of the Transaction with the Successful Bidder or thirty (30) days following the Closing Date set forth in the Successful Bid.

**Failure to Close**

In the event the Successful Bidder fails to consummate the Transaction as a result of the Successful Bidder's default or breach under the applicable purchase agreement in accordance with the terms of such purchase agreement by the closing date contemplated in such purchase agreement, the Debtor shall be free to enter into a new purchase agreement with the Back-Up Bidder at the purchase price contemplated in the Back-Up Bid.

Following the approval of the Sale of the Purchased Assets to the Successful Bidder at the Sale Hearing, if such Successful Bidder fails to consummate the approved Sale within forty-five (45) days after entry of an order approving such Sale (subject to any required governmental constraints), the Debtor shall be authorized, but not required, to deem the Back-Up Bid, as disclosed at the Sale Hearing, the Successful Bid, and the Debtor shall be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Bankruptcy Court.

**Consent to Jurisdiction as Condition to Bidding**

All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Bankruptcy Court and to have waived any right to a jury trial in connection with any disputes among any Qualified Bidder and the Debtor relating to the Auction and the construction and enforcement of the Qualified Bidder's contemplated Transaction documents, as applicable.

**Acceptance of Successful Bid**

The Debtor shall sell the Acquired Assets to the Successful Bidder upon the approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Debtor's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtor's acceptance of such Qualified Bid. The Debtor will be deemed to have accepted a Bid only when the Bid has been approved by the Bankruptcy Court at the Sale Hearing.

**Free of Any and All Interests**

As set forth in the Agreement, except as otherwise provided for therein or in another Successful Bidder's purchase agreement, all rights, titles, and interests in and to the Acquired Assets subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "**Interests**"), in accordance with Section 363 of the Bankruptcy Code, with such Interests to attach to the proceeds received by the Debtor from the Sale (the "**Sale Proceeds**") less the amount of cash necessary to fund (1) any professional fee carve-out approved by the Court as part of use of cash collateral approved by the Court in this case (the "**Case**") and (2) such other wind-up costs as may be approved by the Court.

**Sale Hearing**

The Sale Hearing shall be conducted by the Bankruptcy Court on a date to be provided by the Court after the Auction.

**Modifications**

The Debtor may modify or make exceptions to these Bid Procedures in its reasonable business judgment to facilitate an open and competitive auction and bidding process. Upon any such change, the Debtor shall provide reasonable notice under all the circumstances to all then-Qualified Bidders.

The Debtor with the help of its professional advisors and in its reasonable discretion may (1) determine which Qualified Bid, if any, is the highest or otherwise best offer and (2) reject, at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any Bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Debtor, its estate, and its creditors.

[END OF BID PROCEDURES]

# EXHIBIT 2

## Sale Notice

4893-5711-4960

Brian M. Rothschild, USB #15316
Darren Neilson, USB #15005
Simeon Brown, USB #17951
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
DNeilson@parsonsbehle.com
SBrown@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Peak Theory, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, GASDF DIVISION

| | |
|---|---|
| In re: | Case No. 22-bk-23480-JTM |
| Peak Theory, Inc. | Chapter 11 |
| Debtor. | Chief Judge Joel T. Marker |

### NOTICE OF BID DEADLINE, AUCTION, AND SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

NOTICE IS HEREBY GIVEN as follows:

1. On January 12, 2023, the above-captioned debtor and debtor-in-possession (the "**Debtor**") filed a motion seeking approval of, among other things, (a) bid procedures (the "**Bid Procedures**") in connection with the sale (the "**Sale**") of substantially all of the Debtor's assets (the "**Purchased Assets**"), (b) the date, time, and place for a sale hearing (the "**Sale Hearing**") and for objections to the Sale, and (c) related relief with the United States Bankruptcy Court for the District of Utah (the "**Bankruptcy Court**").[4]

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Order.

4893-5711-4960

2. The Debtor prepared a form of asset purchase agreement (the "**APA**" or "**Agreement**") for the sale of the Purchased Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon to the maximum extent permitted by Section 363 of the Bankruptcy Code. As set forth in the Bid Procedures, the sale of the Purchased Assets is subject to competing offers from any prospective bidder that submits a Qualified Bid.

3. All interested parties are invited to submit a Qualified Bid and to make offers to purchase the Purchased Assets in accordance with the terms of the Bid Procedures and the Bid Procedures Order. The deadline to submit materials compliant with the Participation Requirements is February 13, 2023, 11:59 p.m. The **Bid Deadline** is February 13, 2023, 11:59 p.m. (Prevailing Utah Time). Requests for any other information concerning the Bid Procedures or the Sale should be directed by written request to the undersigned Debtor's counsel.

4. Under the Bid Procedures Order, in the event the Debtor receives one or more Qualified Bids on or before the Bid Deadline, the Debtor shall conduct the Auction for the purpose of determining the highest and best bid for the Purchased Assets. Only (a) the Debtor and its counsel and professional advisors, (b) other Qualified Bidders and their counsel and professional advisors, (c) creditors of the Debtor that have provided written notice to the Debtor's counsel at least five (5) business days in advance of the Auction of his, her, or its intent to attend the Auction and their professional advisors, (d) representatives of the Office of the United States Trustee, and (e) the Sub-chapter V Trustee, shall be permitted to attend the Auction. Only Qualified Bidders will be entitled to make subsequent Overbids at the Auction. The Auction will be held commencing at 10:00 a.m. (Prevailing Utah Time) on February 21, 2023, at the offices of **PARSONS BEHLE & LATIMER** located at 201 S, Main St., Ste 1800, Salt Lake City, Utah 84111, and through video conference to be provided prior to the Auction, or at such other place and time as the Debtor shall notify all parties that submitted Qualified Bids, or that are otherwise entitled to attend the Auction.

5. The Court will hold a Sale Hearing subject to the Court's calendar to be requested after the Auction wherein the Debtor intends to seek the Bankruptcy Court's approval of the sale of the Purchased Assets to the Successful Bidder at the Auction. In determining the Successful Bidder, in addition to the amount of cash or cash equivalent consideration offered, the Debtor may consider, among other factors, the assumption of liabilities, if any, contemplated by each Qualified Bid. The Sale Hearing will be held before the United States Bankruptcy Court for the District of Utah, 350 S. Main, 3rd Floor, Salt Lake City, Utah 84101, courtroom 341.

6. At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this chapter 11 case. Objections, if any, to the Sale of the Purchased Assets pursuant to the terms of the agreement reached between the Debtor and the Successful Bidder shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the District of Utah, shall set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtor's estate or properties, the basis for the

2

objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court, and be served upon (a) counsel for the Debtor, **PARSONS BEHLE & LATIMER** located at 201 S, Main St., Ste 1800, Salt Lake City, Utah 84111 (Attn: Darren Neilson, Esq.) and DNeilson@parsonsbehle.com; (2) the Office of the United States Trustee, 405 So. Main Street, Suite 300, Salt Lake City, UT 84111 (Attn: Melinda Willden, Esq.) and Melinda.Willden@usdoj.gov; the Subchapter V Trustee, D. Ray Strong, 201 S. Main Street, Suite 450, Salt Lake City, UT 84111 and rstrong@thinkbrg.com, so as to be received on or before by 5:00 p.m. (Prevailing Utah Time) on or before February 22, 2023.

3

4893-5711-4960